# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

NO. 5:14-CT-3301-F

| | |
|---|---|
| MARGARET A. GILLIAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| OFFICER MCCOTTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

On December 4, 2014, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B)

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Id. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic

Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff first contends that Defendant McCotter "assaulted [her]." Compl. [DE-1], p. 4. "To prove a claim that prison officials violated his constitutional rights through the excessive use of force, an inmate must satisfy two requirements." Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir.1998). "First, he must satisfy a subjective requirement that the force used by the corrections officers 'inflicted unnecessary and wanton pain and suffering.' " Id. (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992)). This involves resolving the "core judicial inquiry" of "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 320–21 (1986)). "In addition to satisfying the subjective requirement, the inmate must also satisfy an objective requirement; he must show that correctional officers' actions, taken contextually, were 'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley, 134 F.3d at 634. Moreover, the force the officer applied must be "nontrivial" to state an excessive force claim. Wilkins v. Gaddy, 559 U.S. 34, 39 (2010). Thus, "[a]n inmate who complains of a [mere] 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. 559 U.S. 38 (internal quotations omitted). Likewise, mere words alone, however violent or offensive, do not amount to an assault or state a constitutionally significant claim. Wilson v. McKeller, 254 F. App'x 960, 961 (4th Cir. 2007).

Here, Plaintiff contends that "[o]n July 1, 2014 . . . [she] was walking to [her] dorm" when she saw Defendant McCotter walking in her direction. Compl. [DE-1], p. 6. According to Plaintiff,

2

Defendant McCotter failed "to avoid bumping into [Plaintiff]." Id. Rather, Defendant McCotter "intentionally shouldered [Plaintiff] even as [Plaintiff] tried to avoid touching [Defendant McCotter]." Id. After bumping into Plaintiff, Defendant McCotter then allegedly stated "the next time you see officers walking . . . get on the grass." Id. The only injury Plaintiff contends resulted from this incident was a "bruise . . . which was visible the following day." Id. In sum, Plaintiff describes a single instance where Defendant McCotter intentionally bumped into and then verbally harassed Plaintiff. These allegations are insufficient to support an excessive force claim. Wilkins, 559 U.S. at 38. Accordingly, Plaintiff's excessive force claim is DISMISSED.

Plaintiff also contends that several Defendants were deliberately indifferent to her serious medical needs. In order to prove such a claim, Plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to her 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, 429 U.S. at 105. A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105-06.

Plaintiff has not established a claim for deliberate indifference to a serious medical need. On the contrary, Plaintiff indicates that she was assessed by a nurse soon after Defendant McCotter bumped into her. Compl. [DE-1], pp. 6-7. Likewise, Plaintiff concedes that she receives ongoing medical treatment. For example, Plaintiff notes that she is "being treated in Mental Health by Dr.

3

Shaw . . . [and she is] also doing physical therapy." Id. at p. 5.[1] An inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Likewise, "[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment." Jordan v. Fischer, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011); see Estelle, 429 U.S. at 105-06. For these reasons, Plaintiff's claims relating to her medical treatment are DISMISSED.

## Conclusion

For the aforementioned reasons, Plaintiff's complaint is DISMISSED as frivolous and the Clerk of Court is directed to close this case.

SO ORDERED. This the 18 day of May, 2015.

James C. Fox

JAMES C. FOX
Senior United States District Judge

---

[1] Plaintiff does not specifically allege that this physical therapy was necessitated by Defendant McCotter bumping into her. This physical therapy was initiated on November 26, 2014, several months after her altercation with Defendant McCotter. Compl. [DE-1], p. 5.

4